UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MENDOZA-CARDENAS,<br><br>          Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | Civil No. 11-cv-2994-JAH<br>Crim. No. 11-cr-3499-JAH<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

On December 21, 2011, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 26.) Petitioner pled guilty to importation of methamphetamine in violation of 21 U.S.C. §§ 952, 960 and was sentenced to fifty months imprisonment. (Dkt. Nos. 18, 24.) In his § 2255 motion, Petitioner asserts that a policy making certain rehabilitative programs available only to United States citizens violates the equal protection and due process clauses of the Fifth and Fourteenth Amendments because Petitioner is denied the opportunity to reduce his sentence through participation in those programs. Petitioner, however, waived his right to appeal or collaterally attack his judgment and sentence. (Dkt. Nos. 18, 24.)

A knowing and voluntary waiver of a statutory right is enforceable. United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence pursuant to 28 U.S.C. § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 motion. See, e.g., United States v. Abarca, 985

1 F.2d 1012, 1014 (9th Cir. 1993) (holding that, by entering plea agreement whereby defendant waived right to appeal his sentence, defendant relinquished right to directly or collaterally attack his sentence on the ground of newly discovered exculpatory evidence).

The scope of a § 2255 waiver may be subject to potential limitations. For example, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Federal Rule of Criminal Procedure 11 to ensure the waiver was made knowingly and voluntarily. Navarro-Botello, 912 F.2d at 321. Such a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement or violates the law. Id.; United States v. Littlefield, 105 F.3d 527, 528 (9th Cir. 1996). Additionally, a waiver may be "unenforceable" and may not "categorically foreclose" a defendant from bringing § 2255 proceedings where a petitioner claims ineffective assistance of counsel with regard to whether such a waiver was made knowingly and voluntarily. Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005); Abarca, 985 F.2d at 1014; see also United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1992).

Petitioner does not assert this Court failed to satisfy the requirements under Federal Rule of Criminal Procedure 11 to ensure Petitioner knowingly and voluntarily waived his right to directly or collaterally attack his conviction and sentence. Petitioner does not claim his sentence was not in accordance with the negotiated plea agreement or that his sentence violates the law. Petitioner does not claim ineffective assistance of counsel with regard to the knowing and voluntary nature of his waiver. Indeed, Petitioner does not assert that his waiver was not knowing or voluntary. Because the instant § 2255 motion is a collateral attack on Petitioner's sentence, it falls within the parameters of Petitioner's waiver and must be denied. Accordingly, **IT IS HEREBY ORDERED** Petitioner's motion is **DENIED**.

Dated: April 12, 2012

JOHN A. HOUSTON
United States District Judge